ROBERT JOHNSON, APPELLANT, v. ESSEX COUNTY COURT
OF SPECIAL SESSIONS, RESPONDENT.

Submitted October 26, 1945—Decided January 24, 1946.

For the appellant, *Harold Simandl.*

For the respondent, *William A. Wachenfeld,* Prosecutor of
the Pleas (*C. William Caruso,* of counsel).

The opinion of the court was delivered by

COLIE, J. Robert Johnson appeals from the dismissal of
a writ of *certiorari* allowed to review his conviction by the
Essex County Court of Special Sessions.

The appellant was tried before the Recorder's Court of the
Town of Montclair in Essex County on a complaint charging
that on a given date he "did unlawfully have in various rooms
on the second floor of the premises known as No. 173 Bloom-
field Avenue, in the said Town of Montclair, then and there
in his custody divers numbers slips pertaining to the business
of a number game * * *.

"All of which is contrary to and in violation of the Revised
Statutes of New Jersey, 1937, Title 2, Chapter 202, 'Dis-
orderly Persons,' Article 1, and more particularly of Section
16, of said Article."

He was adjudged guilty and sentenced to a year in the
penitentiary. He then appealed to the Essex County Court
of Special Sessions under the provisions of *R. S.* 2:206–11,
as amended by chapter 35 of the laws of 1942. That statute,
so far as here pertinent, provides that "Any person convicted

under any provision of this subtitle who shall desire to appeal from the conviction hereunder by a magistrate may, in addition to his right to obtain a writ *or certiorari* to review the proceedings before said magistrate, or to any other available relief, appeal to the special sessions court of the county in which the conviction was had.

"* * *

"An appeal to the special sessions court under authority of this section shall not operate to bring up for review the proceedings before the magistrate from whose conviction the appeal is taken but shall operate as an application for a trial *de novo* in the special sessions court, and as a waiver of all technical defects in the record, including any defect in, *or the absence of, any process or charge laid in the complaint, and as a consent that the court shall enter judgment solely upon the basis of the testimony presented before such court."*

R. S. 2:202–16 provides that "Any person who shall have in his possession or custody any lottery slips, books or records pertaining to a lottery, or any person who shall have in his possession or have in an automobile in his custody any ticket or tickets, slip or slips, paper, document or memoranda in any way pertaining to the business of a number game, shall be adjudged to be a disorderly person."

This section in express terms designates possession or custody of lottery slips, books or records as an offense.

Appellant argues that the complaint does not charge him with possession of numbers slips, but merely with custody thereof, and that custody of numbers slips is not an offense under the statute. That argument is unavailing to work a reversal for the reason that the Court of Special Sessions found him guilty under R. S. 2:202–16 "in that said defendant had in his possession and custody, lottery slips * * *." There was evidence before the Court of Special Sessions that the defendant had custody of lottery books and lottery slips and under that part of R. S. 2:202–16 quoted above, such evidence was sufficient to sustain a finding of guilt.

As pointed out above, there was testimony showing custody of lottery slips. Had appellant wished to take advantage of

the alleged defect in the complaint, he might have done so by applying for a writ of *certiorari* to review the legality of his conviction before the recorder. This he did not do. The judgment is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, DONGES, COLIE, OLIPHANT, WELLS, DILL, FREUND, McGEEHAN, JJ. 10.

*For reversal*—HEHER, PERSKIE, RAFFERTY, JJ. 3.